IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASS LAB INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FACEBOOK, INC. )<br>)<br>Defendant. ) | 18 Civ. 12066<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Mass Lab Inc. ("Mass Lab") hereby files this Complaint against Defendant Facebook, Inc. ("Facebook"). Mass Lab owns the federally registered trademark PORTAL for software relating to social networking sites. Facebook recently began using PORTAL in connection with video-communication goods and services.

## PARTIES

1. Mass Lab is a Delaware corporation with its principle place of business at 240 Kent Ave, Unit 14, Brooklyn, NY 11249.

2. Facebook is a Delaware corporation with principle places of business at 770 Broadway, New York, New York 10003, and 225 Park Avenue South, New York, New York 10003.

## JURISDICTION AND VENUE

3. This is a complaint for trademark infringement and unfair competition arising under the Lanham or Trademark Act, 15 U.S.C. §§ 1051, *et seq.*, and for common law trademark infringement and unfair competition.

4. This Court has original subject matter jurisdiction over Mass Lab's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121. This Court has

1

supplemental jurisdiction over Mass Lab's remaining claims under 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.

5. This Court has personal jurisdiction over Facebook because it has offices and agents for the transaction of its usual and customary business in the State of New York and in this District. Facebook has purposefully availed itself of the benefits and protections of New York law by purposefully directing, doing, and transacting business in this District and in the State of New York. Facebook has also established continuous and systematic contacts within this District sufficient to make the exercise of personal jurisdiction proper.

6. Facebook maintains an office in this District at 225 Park Avenue South, New York, New York 10003, and a corporate campus at 770 Broadway, New York, New York 10003.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Facebook is subject to personal jurisdiction in this judicial district, and a substantial portion of the events giving rise to the claims herein have occurred in this District.

## COUNT I
### Trademark Infringement of a Registered Mark

8. Mass Lab re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 7.

9. Mass Lab first used the "PORTAL" mark in commerce in 2015.

10. Mass Lab applied to register the "PORTAL" mark in the United States Patent and Trademark Office ("USPTO") on July 15, 2016.

11. The "PORTAL" mark was issued by the USPTO on August 22, 2017, as U.S. Registration No. 5268935.

12. Mass Lab is the owner of U.S. Registration No. 5268935, for the mark "PORTAL" for *Downloadable software enabling users to create, edit, distribute, shape, exhibit, transmit, annotate, download, store, comment on, license, and monetize digital media content via computer, mobile device, and communications networks.* A copy of the registration is attached as Exhibit 1.

13. Mass Lab's registration for the mark "PORTAL" also includes *Downloadable software for use as an application programming interface to enable the construction of software applications, engagement in social networking, and the upload, download, transmission, accessing, retrieval, display, blogging, linking, posting, sharing, annotation, compilation, organization, management, licensing, and monetization of digital media content; none of the above goods comprising computer game, video game, or electronic game software* and *Social networking services featuring social connections, recommendations, introductions, and interactions based around an individual's personal tastes, user history, and proclivities; none of the above services to be targeted specifically toward the users of computer games, video games, or electronic game software.*

14. The registration of the "PORTAL" mark constitutes prima facie evidence of the validity of Mass Lab's "PORTAL" mark, of Mass Lab's ownership of the mark, and of the exclusive rights to use the mark under 15 U.S.C. § 1115 and § 1057(b).

15. On information and belief, in 2018, Facebook started using "PORTAL" in connection with its video-communication goods and services. See Exhibit 2 attached hereto.

16. Facebook advertises its "PORTAL" product as enabling users to connect with online friends, share video content, and engage with interactive stories. This includes distributing digital media and engaging in social networking and sharing of digital media.

17. Facebook's use of the "PORTAL" mark in connection with its video-communication products and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Facebook with Mass Lab, or as to the origin, sponsorship, or approval of Facebook's goods, services, or commercial activities by Mass Lab.

18. On information and belief, Facebook started use of the "PORTAL" mark in 2018, after the registration date (August 22, 2017), filing date (June 13, 2016) and first use (2015) of Plaintiff's "PORTAL" mark.

19. Facebook's use of "PORTAL" has resulted in actual consumer confusion.

20. On information and belief, Facebook knew of Mass Lab's registered "PORTAL" mark, prior to Facebook's use of the "PORTAL" mark in commerce because it is unlikely that Facebook would have named and launched a new service without doing a search of USPTO records.

21. Facebook's use and display in commerce of "PORTAL", which is confusingly identical to Mass Lab's federally registered mark, is in violation of 15 U.S.C. § 1114.

22. Facebook's use of "PORTAL" has caused and continues to cause irreparable harm to Mass Lab, for which Mass Lab has no adequate remedy at law.

23. Pursuant to 15 U.S.C. § 1117 (a), Facebook should be required to pay Mass Lab its damages, including damages for corrective advertising and reverse confusion, all profits derived by Facebook from Facebook's wrongful use and display of "PORTAL," and damages suffered by Mass Lab as a result of Facebook's wrongful use and display of the "PORTAL" name, including Mass Lab's attorney fees and costs of this action.

24. Pursuant to 15 U.S.C. § 1117 (b), Facebook should be required to pay three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee.

25. Pursuant to 15 U.S.C. § 1116 (a), Mass Lab is also entitled to permanent injunctive relief to prevent Facebook's continued use of Mass Lab's trademark.

## COUNT II
### Federal Trademark Infringement and Unfair Competition

26. Mass Lab re-alleges and incorporates by reference paragraphs 1 through 25.

27. The unauthorized use by Facebook in commerce of "PORTAL" on goods or services identical or substantially identical to that of Mass Lab's is likely to cause the public to mistakenly believe that Facebook's business activities, goods, and services originate from, are sponsored by, or are in some way associated with Mass Lab.

28. Facebook's uses of the "PORTAL" mark and the "PORTAL" name constitute false designation of origin or false description or representation, and have caused, and are likely to further cause, the "PORTAL" mark to lose its significance as an indicator of origin.

29. These actions by Facebook are in violation of 15 U.S.C. § 1125(a).

30. Facebook's unauthorized use of the "PORTAL" mark and "PORTAL" name on goods and services identical or substantially identical to that of Mass Lab's was and is being conducted with full knowledge of Mass Lab's rights. Thus, Facebook has willfully infringed Mass Lab's rights in violation of 15 U.S.C. § 1125(a).

31. As a result of Facebook's conduct, Mass Lab has been damaged.

32. Pursuant to 15 U.S.C. § 1117(a), Facebook should be required to pay Mass Lab its damages, including damages for corrective advertising and reverse confusion, all profits derived by Facebook from Facebook's wrongful use and display of "PORTAL," and

damages suffered by Mass Lab as a result of Facebook's wrongful use and display of the "PORTAL" name, including Mass Lab's costs of this action.

33. Pursuant to 15 U.S.C. § 1116(a), Mass Lab is also entitled to permanent injunctive relief to prevent Facebook's continued use of Mass Lab's trademark.

### COUNT III
### Common Law Trademark Infringement and Unfair Competition

34. Mass Lab re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 33.

35. Mass Lab is the owner of the trademark "PORTAL" for use in connection with its digital media content platform.

36. Mass Lab began using its "PORTAL" mark on or before 2015.

37. Since at least 2015, Mass Lab has used its "PORTAL" mark in connection with its business and has continued to use its mark without interruption up to the present time. Mass Lab has used its "PORTAL" mark throughout the United States.

38. The "PORTAL" mark is at least suggestive and inherently distinctive.

39. Mass Lab has expended substantial sums in promoting its business under its "PORTAL" mark.

40. Mass Lab also uses a stylized "PORTAL" mark in connection with its business, as shown in Exhibit 3, and below:



41. Facebook, without the consent of Mass Lab, has used, and will continue to use, Mass Lab's "PORTAL" mark in commerce.

42. Facebook also uses a stylized "PORTAL" mark in connection with its business, as shown in Exhibit 4, and below:



43. Facebook's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Mass Lab.

44. On information and belief, Facebook acted with full knowledge of Mass Lab's use of, and statutory and common law rights to, Mass Lab's "PORTAL" mark and without regard to the likelihood of confusion of the public created by Facebook's activities.

45. Facebook's trademark infringement and unfair competition is and was knowing and willful.

46. Facebook's use of "PORTAL" is likely to cause confusion, mistake, deception, and reverse confusion amongst consumers as to the affiliation, connection, or association of Facebook with Mass Lab's "PORTAL" mark.

47. Facebook's acts are in violation of the common law of the various states in which Facebook and Mass Lab do business, including the State of New York.

48. As a result of Facebook's acts, Mass Lab has been damaged in an amount not yet determined or ascertainable. Mass Lab has no adequate remedy at law inasmuch as money

damages alone would not indemnify Mass Lab for the permanent loss of its proprietary rights. Unless this Court acts to enjoin Facebook, the acts of Facebook herein complained of will cause irreparable damage to Mass Lab's enterprises and property rights.

49. Facebook should be required to pay to Mass Lab its damages, including damages for corrective advertising and reverse confusion, all profits derived by Facebook from Facebook's wrongful use and display of "PORTAL" and damages suffered by Mass Lab as a result of Facebook's wrongful use and display of the "PORTAL" name.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mass Lab Inc. demands judgment against Defendant Facebook as follows:

A. That Facebook, its officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under its control, by, through, under, or in active concert or in participation with them, pursuant to 15 U.S.C. § 1116, be permanently enjoined from:

1) Using any mark that is likely to cause confusion, mistake, or deception with the "PORTAL" mark;

2) Using any mark or doing any act or thing likely to induce the belief on the part of the public or Mass Lab's customers or potential customers that Facebook and/or Facebook's goods or services are in any way connected with Mass Lab and/or Mass Lab's goods and services; and

3) Printing, publishing, promoting, lending, or distributing any advertisement, whether written, audio, or visually portrayed, which use or refer to the "PORTAL" mark, or any confusingly similar mark.

B. That Facebook deliver up for the destruction all advertising, literature, and other forms of promotional material bearing or showing the infringing "PORTAL" mark or a confusingly similar mark including, but not limited to, removing all such words from Facebook's websites pursuant to 15 U.S.C. § 1118;

C. Pursuant to 15 U.S.C. § 1117, that Facebook be required to pay Mass Lab such damages as Mass Lab has sustained as a result of Facebook's infringement of the "PORTAL" mark, including payment for corrective advertising and reverse confusion damages, and that Facebook account for and pay over to Mass Lab all gains, profits, and advantages derived by Facebook from such infringement;

D. That Facebook be required to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages as appropriate;

E. That Facebook make a full report to this Court of its compliance of the foregoing within thirty (30) days of judgment;

F. For a fair and just amount of actual damages;

G. For prejudgment and post-judgment interest, costs and attorney fees, pursuant to 15 U.S.C. § 1117; and

H. For such other and further relief which may be deemed just and proper.

## JURY TRIAL DEMAND

Mass Lab requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated:  December 20, 2018

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

Anthony G. Simon
Anthony R. Friedman
800 Market Street, Suite 1700
St. Louis, Missouri  63101
Phone:  (314) 241-2929
Fax:  (314) 241-2029
asimon@simonlawpc.com
afriedman@simonlawpc.com

*Attorneys for Plaintiff*


*/s/ Glenn F. Ostrager*
Glenn F. Ostrager
Joshua S. Broitman
Roberto L. Gomez
OSTRAGER CHONG FLAHERTY
& BROITMAN PC
570 Lexington Avenue
New York, NY 10022
Phone: (212) 681-0600
Fax: (212) 681-0300
gostrager@ocfblaw.com
jbroitman@ocfblaw.com
rgomez@ocfblaw.com

*Attorneys for Plaintiff*